RECEIVED
MAR - 4 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 00-20049-011 |
| VERSUS | JUDGE DOHERTY |
| JOHN BENJAMIN HALEY | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is the "Objection to Provisional Memorandum Ruling Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. §3582(c)(2)" [Doc. 729] filed by petitioner John Benjamin Haley. On November 19, 2009, this Court reduced the petitioner's crack cocaine sentence pursuant to 18 U.S.C. §3582(c)(2) from 216 months to 174 months, but did not order that petitioner's federal sentence run concurrent to a state court sentence imposed in February 2000, which the defendant is still serving [Doc. 727]. This Court also declined to designate the state facility for service of the defendant's federal sentence and order that defendant receive credit for time served from the date of this Court's imposition of his original sentence. In its Provisional Ruling, this Court noted the sentence of 174 months is the sentence the Court would have imposed had the Sentencing Guideline amendment been in effect at the original sentencing.

As this Court stated in its Provisional Ruling, the foregoing requests for relief are not authorized by 18 U.S.C. §3582(c)(2). In its revised policy statements, the Sentencing Commission made clear proceedings under USSG 1B1.10 and Section 3582(c)(2) "do not constitute a full resentencing of the defendant." Furthermore, USSG 1B1.10(b)(1) explicitly states "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C.

§3582(c)(2) and this policy statement is warranted, the court . . .shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced *and shall leave all other guideline application decisions unaffected.*" (Emphasis added). Ergo, this Court may only substitute the amendments listed in subsection (c) for the corresponding guidelines provisions that were applied when the defendant was sentenced and may not address any other sentencing issues that were – or were not – addressed at the original sentencing. As this Court was silent on the issue of whether the federal sentence imposed should run consecutive or concurrent with the state court sentence, that matter may not be addressed now under the auspices of Section 3582(c)(2).[1]

Considering the foregoing, this Court concludes the petitioner's Objections have no merit, and it is hereby ORDERED that the Provisional Ruling [Doc. 727] filed on November 19, 2009 is hereby made FINAL.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___ day of March 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] As the Court also stated in its Provisional Ruling, this Court contacted the government to determine whether it objects to the defendant's request for concurrent sentences. The government stated it objects and gave reasons for its objection, the majority of which are reflected in the government's opposition brief to the petitioner's motion.